IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| DEMONT MENASCO HERROD, #19154-078 § | | |
| VS. § | | CIVIL ACTION NO. 4:16cv482 |
| | | CRIMINAL NO. 4:11CR00176-001 |
| UNITED STATES OF AMERICA § | | |

ORDER OF DISMISSAL

Movant Demont Menasco Herrod, a prisoner confined at F.C.I. Beaumont, brings this motion to vacate, set aide or correct his sentence pursuant to 28 U.S.C. § 2255. The motion was referred to United States Magistrate Judge Christine A. Nowak, who issued a Report and Recommendation (Dkt #12) concluding that the motion should be denied. Herrod has filed objections (Dkt #13).

Herrod is in custody pursuant to a conviction for the offense of conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine and 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. § 846. On June 14, 2013, Herrod was sentenced to 175 months of imprisonment. The sentence was formally entered on July 3, 2013. On February 19, 2015, the conviction was affirmed. *United States v. Herrod*, 595 F. App'x 402, 412 (5th Cir. 2015). Herrod did not file a petition for a writ of certiorari.

The present proceedings were begun on July 1, 2016. Herrod focuses on the United States Sentencing Guidelines. Based on his criminal history, he qualified as a career offender under United States Sentencing Guidelines § 4B1.1. PSR ¶ 27. He argues that he should not have been sentenced as a career offender in light of the United States Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551(2015). *Johnson*, however, concerns the application of a criminal statute, as opposed to the Sentencing Guidelines. The Supreme Court recently declined to extend the reasoning in

1

*Johnson* to the Sentencing Guidelines. *Beckles v. United States*, 137 S. Ct. 886, 895 (2017). The present motion lacks merit in light of *Beckles*.

In his objections, Herrod again argues that he should not have been sentenced as a career offender under the Sentencing Guidelines. Since *Beckles* was decided, the Fifth Circuit has repeatedly rejected cases by inmates trying to extend *Johnson* to the Sentencing Guidelines. *United States v. Dotson*, ___ F. App'x ___, 2017 WL 3098172, at *1 (5th Cir. July 20, 2017); *United States v. Taylor*, ___ F. App'x ___, 2017 WL 2703680 (5th Cir. June 21, 2017); *United States v. Holley*, 689 F. App'x 230 (5th Cir. 2017); *United States v. Garces*, 686 F. App'x 252 (5th Cir. 2017); *United States v. Martinez*, 682 F. App'x 304 (5th Cir. 2017). Moreover, the Fifth Circuit has repeatedly held that the technical application of the United States Sentencing Guidelines does not raise an issue of constitutional dimension for purposes of § 2255 proceedings. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998); *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). The type of claim Herrod is bringing in this case is not cognizable in a § 2255 proceeding.

In light of the foregoing, the Government argues that the motion is time-barred. On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law. A one year statute of limitations was enacted for motions to vacate, set aside or correct a sentence. 28 U.S.C. § 2255(f). In general, a movant for collateral relief has one year from "the date on which the judgment became final" to file a motion challenging his conviction. 28 U.S.C. § 2255(f)(1). The Supreme Court has held that when a federal criminal defendant does not file a petition for certiorari on direct review, the one-year statute of limitations period starts to run when the time for seeking such review expires. *Clay v. United States*, 537 U.S. 522, 532 (2003). In such cases, a conviction is final ninety days after the appellate court issues a decision. *Id.* See Sup. Ct. R. 13(1).

In the present case, the Fifth Circuit affirmed Herrod's conviction on February 19, 2015. The conviction became final ninety days later since Herrod did not file a petition for a writ of certiorari.

It became final on May 20, 2015. The present motion was due no later than one year later on May 20, 2016. It was not filed until June 20, 2016 (utilizing the "mailbox rule"). The motion was not timely filed. Moreover, because the Supreme Court did not hold that *Johnson* applies to guideline career offenders on collateral review, the motion is not subject to the alternative deadline provided by 28 U.S.C. § 2255(f)(3). The present § 2255 motion is time-barred and otherwise without merit.

Herrod's objections focus solely on the claim that he was wrongfully sentenced as a career offender under the United States Sentencing Guidelines. He argues that he should be granted relief despite *Johnson* and *Beckles*. *See* Objections, page 4. Nonetheless, the case law on this matter is clear that Herrod's claim is not cognizable in a § 2255 proceeding. Moreover, he failed to show or address the conclusion that the present § 2255 motion is time-barred. Relief is unavailable.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Herrod to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Herrod's objections are without merit. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that Herrod's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is **DENIED** and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All other motions not previously ruled on are hereby **DENIED**.

**SIGNED this 14th day of September, 2017.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE